## 58222. DEMPSEY v. THE STATE.

SHULMAN, Judge.

Defendant was convicted of the misdemeanor offense of wilful and voluntary abandonment of his illegitimate minor child. For the reasons set forth in Division 2, we reverse.

1. Appellant complains that the court's instructions on the form and substance of a not guilty verdict were inaccurate and misleading, since the court failed to instruct the jury that if the jury found defendant not guilty on the grounds that defendant was not the father of the child, the verdict should specifically so state. Since the court's instructions on the form of the verdict were in substance those requested by defendant, defendant will not be heard now to complain of the charge as given. *McCravy v. State,* 238 Ga. 432 (233 SE2d 210).

2. Appellant contends that the court's refusal to

grant his motion for continuance to obtain potentially exculpatory evidence was an abuse of discretion. Under the circumstances of this case, we are constrained to agree with appellant.

The prosecutrix testified that she had had sexual relations with the defendant either at the end of October or the first of November, on a day when both she and the defendant had been absent from school. She testified that her relations with the defendant on this particular occasion resulted in her pregnancy and the birth of her child nine months later, in late July. It was appellant's defense that he could not have fathered the prosecutrix' child in that he had not had sexual relations with the prosecutrix in either October or November. The defendant testified that he had had relations with the prosecutrix on only one occasion, in August, 11 months prior to the birth of his purported child. Following the prosecutrix' testimony, and prior to the close of the evidence, defense counsel moved for a continuance in order to obtain the school attendance records of the prosecutrix and the defendant. Defendant claimed that such records could refute the prosecutrix' testimony that she and the defendant had had intercourse at the particular time in question by showing that both were not absent from school on the same day (i.e., at the end of October or the first of November). Defense counsel informed the court that he had been surprised by the prosecutrix' testimony (regarding the particular time of the parties' alleged relations), that upon hearing her testimony he had attempted to contact the school officials to obtain the necessary records, but that he was unable to contact the appropriate authorities during the court's recess.

We recognize that the granting of requests for continuance is generally left to the discretion of the trial judge. "This court, however, has the responsibility to review the trial judge's ruling whenever the exercise of that discretion is challenged on appeal. [Cits.] . . .

"In reviewing denials of motions for continuance, we are guided by the standard of the Supreme Court that 'undue haste in the administration of the criminal law is as much to be condemned as unnecessary delay. The true course lies between the two extremes.' [Cits.] Our

decisions must be made on a case-by-case basis after reviewing the particular facts at hand." *Williams v. State,* 144 Ga. App. 410 (1) (241 SE2d 261).

In view of the extreme relevance of the records in question (which, as defense counsel asserted, could exculpate the defendant), and in view of defense counsel's surprise at the prosecutrix' testimony and his attempts to secure the records following her testimony, we hold that the court abused its discretion in refusing to grant the defendant an appropriate amount of time to obtain the evidence requested. Compare *West v. State,* 68 Ga. App. 56 (1) (22 SE2d 115). This being so, we must reverse the judgment of the trial court.

3. Since remaining enumerations of error are not likely to recur, we need not consider additional grounds for reversal advanced by appellant.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

SUBMITTED JULY 3, 1979 — DECIDED OCTOBER 15, 1979.

*William Ralph Hill, Jr.,* for appellant.
*D. L. Lomenick, Jr. Solicitor,* for appellee.