61874, 61875. NUNLEY v. THE STATE (two cases).

BIRDSONG, Judge.

Appellant Barbara Nunley was indicted for and convicted of possession of marijuana, more than one ounce, and possession of methaqualone. The evidence shows that in the early morning hours the sheriff and GBI agents arrived with a search warrant at Nunley's father's house, where she and her family lived. About fifty feet from the back of the house, the sheriff found a bucket containing marijuana, methaqualone, a calculator, a set of scales, a small spiral notebook bearing Barbara Nunley's name, and about $8. The sheriff immediately went back in the house with the bucket and called the entire family to the kitchen. Upon seeing the bucket, appellant said: "That is mine, don't bother anybody else," or "The drugs are mine, they are not my father's." Appellant at trial admitted that she said: "That's mine, my father don't know nothing about it," but denied that the items were in fact hers, and stated that she only said so at the time to protect her father. She admitted the notebook was hers. She enumerates seven errors on appeal. *Held:*

Appellant contends the trial court committed reversible error in admitting and highlighting in evidence the calculator, the scales, the currency and the notebook inasmuch as these items were irrelevant to proof of the crimes for which she was indicted, and tended to prove other crimes and inject her character into issue and thereby cause her prejudice. She also contends the trial court erred in its failure to charge the rule of equal access and the rule in, *Gee v. State,* 121 Ga. App. 41 (172 SE2d 480) concerning the mere finding of contraband on premises as being insufficient to convict.

The notebook tended to directly connect the appellant with the bucket and the drugs in the bucket, and therefore was relevant and admissible. We do not see how the introduction of the calculator, scales, and money tended to prove the drugs belonged to the appellant, but neither do we think they tended to prove other crimes or place the appellant's character in issue. In any case, even if the introduction of these items had been error, we are satisfied it is highly probable such error did not contribute to the judgment and that it

was harmless beyond a reasonable doubt. *Kirkland v. State,* 141 Ga. App. 664 (234 SE2d 133). It is entirely unreasonable, and an unwarranted indictment of the jury, to assume that if the jury believed appellant's explanation of why she claimed the bucket or the drugs, and if the jury therefore believed the drugs were really not hers, it nevertheless irrationally convicted her of possession of the drugs because of the presence of other items in the bucket which were not independently connected with appellant and which, if her explanation was believed, did not belong to her either.

Likewise the failure of the trial court to charge the equal access rule, even if error, was harmless beyond a reasonable doubt. The state presented direct evidence that appellant possessed the drugs; it did not rely on constructive possession, to which the equal access rule is applicable in defense (see *Phillips v. State,* 144 Ga. App. 690, 691 (242 SE2d 343)). Her defense to the case against her was not that others had equal access to the contraband but that she had not told the truth when she claimed the drugs. The trial court did not permit the jury to consider any possibility of constructive possession. The jury was charged that mere presence at the scene is not sufficient to convict and that to convict it must find her knowingly in possession of the drugs beyond a reasonable doubt. We reject as unreasonable any possibility that the jury believed her story but illogically pinned possession on her for any reason. The verdict is supported beyond a reasonable doubt, and no reversible error was committed.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 16, 1981.

*Roger R. Auman, Jr.,* for appellant.
*David L. Lomenick, Jr., District Attorney, James A. Meaney III, Assistant District Attorney,* for appellee.