68024. BELLINGER v. THE STATE.

QUILLIAN, Presiding Judge.

William J. Bellinger was indicted and tried with Myron Hankerson and Harry Telfair for the possession of more than one ounce of marijuana. Bellinger appeals from a jury verdict of guilty.

A supervisor of ramp services for Eastern Airlines in Atlanta was called to the unloading dock of an incoming flight from Miami on May 26, 1982. A bag had been unloaded from the plane which did not have any identification. The elastic band that holds the identification tag appeared to be inside the zipper. He unfastened the zipper to get the tag out and noticed what appeared to be 5 or 6 pounds of marijuana in clear plastic bags. He took the luggage to the police sergeant on duty and they could find no identification inside or outside of the bag. He left the bag with the police but entered a report of found luggage into the Eastern computer system.

The Customer Services Agent with Eastern Airlines in Savannah received a delayed baggage report signed by Michael Brown. The "passenger called several times to check on the bag" but they could not locate it. "And I contacted the passenger" and found that the luggage was misdescribed. It was a cream colored, zippered bag, with a spot of blue paint on it. The computer showed that it was in Atlanta. He called Atlanta and found that the police had the bag. He informed the police that his passenger wanted the bag. The Atlanta police advised the Savannah Metro Drug Squad and put the bag on a Savannah bound plane. The Savannah Drug Squad unloaded the bag from the plane and an officer waited at the desk for the passenger to claim it. An undercover officer was waiting in the concourse when he saw defendant Bellinger enter and walk the length of the airport. He returned to the officer and asked: "Do I know you?" The officer said

he was from Alabama and the defendant went over to his two co-defendants and spoke to them. Following that conversation, defendant Telfair claimed the baggage and took it outside and placed it in the trunk of a car belonging to defendant Hankerson. All three defendants left in the car. They were followed by the police in an unmarked car. When both cars stopped at the same red light, the defendants appeared to see the undercover officers and changed lanes to leave in a different direction. The officers turned on their blue lights and siren and pursued. They observed the defendants' car accelerating and were of the opinion they were "fleeing." Two marked police cars converged on the defendants from the front and they were stopped. The bag containing 4 pounds 14.4 ounces of marijuana was retrieved from the trunk of the defendants' car.

Defendant Telfair testified that he had no knowledge what was in the bag that they picked up at the airport. He had a friend from Atlanta — Michael Brown, whose name was on the delayed baggage report, which had been filed in Savannah. He did not know where Brown lived in Atlanta. Brown called him from Atlanta and asked him to pick up the bag and forwarded the plane ticket to him. He asked Hankerson for a ride to the airport and on the way they saw Bellinger who wanted to go along for the ride. The evidence showed the delayed baggage report was filed in Savannah and the Customer Services Agent phoned the passenger in Savannah and obtained a change of description of the bag from the man in Savannah. They notified the passenger in Savannah to come pick up the bag and Telfair arrived and showed them the plane ticket, the baggage ticket, his copy of the delayed baggage report, and he signed the name of Michael Brown to a receipt for the luggage. The jury returned a verdict of guilty. Defendant Bellinger brings this appeal. *Held*:

1. The jury was authorized to find that the defendant Bellinger acted in concert with his co-defendants by being a lookout and checking out the Savannah airport for police before notifying the co-defendants to proceed with the pick-up of the baggage. The police officers were of the opinion that the defendants fled from them after seeing them at the red light. The evidence, though circumstantial, when viewed in the light most favorable to the verdict, is sufficient to enable any rational trier of fact to find the existence of the offense charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Rutledge v. State*, 245 Ga. 768, 769 (267 SE2d 199).

2. After being charged by the court, the jury deliberated a short period of time before being released for the night. They reconvened at 9:00 a.m. the following morning and deliberated for 40 minutes before the trial court gave them the Allen charge. Shortly thereafter they returned a verdict of guilty. The decision of whether or not, and

when, to give the Allen charge is left to the discretion of the trial judge. *Thornton v. State*, 145 Ga. App. 793, 794 (245 SE2d 22); *Willingham v. State*, 134 Ga. App. 603 (5a) (215 SE2d 521); *Mize v. State*, 140 Ga. App. 17 (5) (230 SE2d 81). We find no abuse of discretion.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED MAY 31, 1984.

*Bobby L. Hill*, for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Lee Darragh, James M. LaChance, Assistant District Attorneys*, for appellee.