### 69998. WHITE v. THE STATE.
(331 SE2d 72)

CARLEY, Judge.

Appellant appeals from his conviction of two counts of violating the Georgia Controlled Substances Act.

1. Appellant enumerates as error the admission of certain evidence. However, no objection was made at trial to the introduction of the testimony or the real evidence, the admissibility of which is now challenged. As a result, any error with regard to the admission of such evidence was waived. *Maxwell v. State*, 170 Ga. App. 831, 834-835 (3) (318 SE2d 650) (1984); *Seabrooks v. State*, 251 Ga. 564, 566-567 (1) (308 SE2d 160) (1983).

A general objection was made to the admission of "all those documents," and appellant now enumerates as error the admission of an exhibit comprised of a group of uncertified and unauthenticated documents. These documents showed that Benson Bankhead, Jr., who was not involved in the instant case, had been charged in Florida with the offense of grand theft, in connection with which charge Bankhead had pled guilty and had received a sentence of probation. Oral evidence established that Bankhead owned the automobile in which appellant was riding immediately prior to his arrest, and in which forty pounds of marijuana were found. The documents were discovered in the glove compartment of the vehicle when an inventory search was conducted. Appellant testified that he did not know Bankhead very well, that he had not looked in the glove compartment of the car, and that he had never seen the documents prior to trial. The State asked appellant several times whether he knew that Bankhead was "on parole" in Florida for "drugs and grand theft," and each time appellant responded negatively. No objection was made to any questions or tes-

timony regarding Bankhead's criminal record.

The State cites *Jimerson v. State*, 163 Ga. App. 54 (1) (293 SE2d 513) (1982), and *Thompson v. State*, 168 Ga. App. 734, 735 (2) (310 SE2d 725) (1983), in support of its contention that the challenged documents were relevant as a circumstance connected with appellant's arrest. In each of those cases, however, even though the evidence in issue was not directly relevant to the particular crimes charged, it had at least some connection with the defendant who was being tried. We are not convinced that even that tenuous connection was established in the instant case. Nonetheless, the "[a]dmission of irrelevant evidence is not a ground for reversal unless it can be shown the evidence was prejudicial. [Cit.]" *Clark v. State*, 149 Ga. App. 641, 645 (255 SE2d 110) (1979). Appellant herein has not shown that the admission of the documents prejudiced him in any way. The papers contained no reference whatsoever to drug offenses of any kind, nor did they suggest that appellant was connected with any of Bankhead's activities. Any inference made by the jury with respect to appellant's acquaintance with Bankhead occurred as a result of the testimony to which no objection was made, rather than as a result of the admission of the documents which were completely innocuous as to appellant. Accordingly, even if the documents were erroneously admitted into evidence, we find that it is highly probable that they did not contribute to the jury's verdict. The error, if any, was harmless beyond a reasonable doubt. See *Nunley v. State*, 159 Ga. App. 581 (284 SE2d 86) (1981); *Thomas v. State*, 169 Ga. App. 119, 121 (312 SE2d 373) (1983).

2. Appellant next asserts that his conviction was based upon circumstantial evidence which did not exclude every reasonable hypothesis save that of his guilt.

The evidence presented at trial established that appellant was a passenger in a car which contained forty pounds of marijuana, a set of scales, and a box of small plastic bags. When the car came upon a routine roadblock where licenses were being checked, the driver reversed his route to avoid a confrontation with State officers. The officers gave chase. All occupants of the vehicle then disembarked and attempted to elude the officers on foot. Appellant removed a jacket from the car and carried it with him. When he was apprehended by the officers after a brief pursuit, the jacket was found on the ground nearby. It contained three separate packets of cocaine. Appellant testified that he knew nothing of any drugs in the car or in the jacket, and that the jacket was not his, even though it fit him perfectly and he was wearing it on that particular day. However, in addition to the evidence of appellant's presence in the car and his flight from the State officers, there was also evidence that he had told a co-defendant that "they needed to get some stuff to make some money, referring to

some type of drugs." In the course of that same conversation, another accomplice had asked the co-defendant whether he knew anyone to whom they could sell marijuana. Moreover, appellant admitted that he jumped out of the car at the roadblock because he knew that something in the car was illegal. The evidence, viewed in the light most favorable to the verdict, was sufficient to enable any rational trior of fact to find beyond a reasonable doubt that appellant was guilty of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Bellinger v. State*, 171 Ga. App. 143, 144 (1) (318 SE2d 823) (1984); *Hudson v. State*, 154 Ga. App. 594 (1) (269 SE2d 89) (1980); *Hughes v. State*, 150 Ga. App. 90 (256 SE2d 634) (1979).

3. Appellant's final enumeration of error is that he was not afforded a timely commitment hearing. It appears that this point was not raised before the trial court, and thus presents nothing for our review. *Davis v. State*, 158 Ga. App. 549, 552 (6) (281 SE2d 305) (1981). In any event, a felony conviction based upon an indictment will not be overturned because a commitment hearing was not held. *Taylor v. State*, 169 Ga. App. 842, 846 (6) (315 SE2d 661) (1984); *Coggins v. State*, 168 Ga. App. 12, 13 (1) (308 SE2d 36) (1983).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 3, 1985.

*Richard W. Watkins, Jr.*, for appellant.
*E. Byron Smith, District Attorney, Hugh D. Sosebee, Assistant District Attorney*, for appellee.