### 71468. HILL v. THE STATE.
(341 SE2d 322)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of aggravated battery and possession of a firearm during the commission of a crime. His motion for new trial was denied and he appeals.

1. The evidence showed that appellant had recently severed his meretricious relationship with the victim, who had borne him a child. Apparently, appellant had ended the relationship upon discovering the victim in a compromising situation with a younger man. According to the victim, the following events occurred: She agreed to meet with appellant on the night in question in order to discuss child support. She was driven to the meeting by her new boyfriend, who was the man whose conduct had caused appellant to end the relationship. When the victim arrived at the appointed meeting place, appellant was seated in his vehicle. The victim approached appellant's vehicle and, when appellant got out and walked toward her, she stated to him that she had come to discuss child support. Appellant's response to her was that, if she was still engaging in sexual relations with her new boyfriend, she "should get the money from him." When she then turned to walk off, she was shot. The victim testified that she had never seen that there was another woman seated in appellant's car and was "positive" that she had not been upset with appellant because of that fact.

Appellant's account of the events was significantly different. His version was as follows: He had not asked the victim to meet him. He and his companion were seated in his automobile and he did not see another car drive up. He first knew of the victim's presence when she tapped on the window of his car. When he opened his car door, the victim reached in and struck his companion "across the nose with [a] wrench or something." When appellant pulled the victim away, she told him: "I love you, I'm going to kill — ain't nobody going to have you but me, I'm going to kill her." The victim continued to attempt to assault his companion and, when appellant tried to act as a shield, the victim struck him with a wrench. At that point, he shot the victim.

The assistant district attorney asked appellant on cross-examination the name of a courtroom spectator. Appellant supplied the name of the indicated individual. Appellant was then asked: "Isn't she one of your girl friends, too?" Before appellant could respond, defense counsel objected, stating: "That's highly irrelevant and prejudicial

and has absolutely nothing to do with any of the facts in this case." When the trial court inquired about the relevancy, the assistant district attorney's response was: "Jealousy, motive, his bent of mind . . . the whole nine yards." The trial court then ruled that an answer by appellant would be allowed "in for that purpose." The assistant district attorney did not, however, repeat the question to appellant, but instead entered upon a totally different line of questioning. Although the courtroom spectator was apparently never again raised as a topic of inquiry during the trial, appellant enumerates as error the trial court's ruling that evidence concerning his other "girl friends" was admissible.

Jealousy was certainly a topic in the instant case. However, the fact of the existence of another of appellant's "girl friends" would appear to have no possible relevancy with regard to *his* motive and state of mind in shooting the victim. It would seem that the only arguable relevancy that other "girl friends" might have in the instant case would be as possible corroboration for appellant's exculpatory testimony that it was in fact the romantic jealousy of the *victim* that precipitated the events. That appellant actually had other "girl friends" might tend to show that the basis for such jealousy on the part of the victim did exist. This might explain why the assistant district attorney, having successfully overcome the objection, did not pursue the topic.

"Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." OCGA § 24-2-1. Although the propounding of an ostensibly irrelevant line of inquiry concerning the existence of appellant's relationship with another "girl friend" was ruled permissible, no such testimony was ever given. In *some* circumstances, the mere propounding of an irrelevant question to a defendant on cross-examination may constitute reversible error. See generally *Ailstock v. State*, 159 Ga. App. 482, 486-488 (283 SE2d 698) (1981). However, unlike the situation in *Ailstock*, there would appear to be nothing inherently prejudicial in the topic of appellant's "girl friends." Appellant and the victim were not married to each other or to anyone else and the jury was fully aware of their previous relationship. As discussed previously, any inference from the fact that appellant might have other "girl friends" would appear to strengthen somewhat his testimony that he was forced to shoot the victim to defend against her jealous assault. "[T]he '[a]dmission of irrelevant evidence is not a ground for reversal unless it can be shown the evidence was prejudicial. [Cit.]' [Cit.]" *White v. State*, 174 Ga. App. 699, 700 (331 SE2d 72) (1985). Accordingly, although the topic may have been totally irrelevant, the trial court's erroneous ruling that testimony concerning appellant's other "girl friends" *would* be relevant and admissible was clearly

harmless. See *White v. State*, supra; *Nunley v. State*, 159 Ga. App. 581 (284 SE2d 86) (1981).

2. Error is enumerated as to certain portions of the trial court's charge relating to the defense of justification. The record shows that the charges contested on appeal are consistent with both the language and import of appellant's own requests. "Appellant may not complain of the giving of [the] requested charge on [his] defense. [Cits.]" *Brady v. State*, 159 Ga. App. 389, 391 (283 SE2d 617) (1981). "Since the court's instructions . . . were in substance those requested by defendant, defendant will not be heard now to complain of the charge as given. [Cit.]" *Dempsey v. State*, 151 Ga. App. 784 (1) (261 SE2d 733) (1979). See also *Knowles v. State*, 159 Ga. App. 239, 240 (3) (283 SE2d 51) (1981).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 17, 1986.

*Harry J. Altman II*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.