## 72134. OWENS v. THE STATE.
(344 SE2d 722)

BANKE, Chief Judge.

The defendant was tried upon an indictment charging him with the commission of a total of 10 sexual offenses against the two minor daughters of his live-in girl friend. He was found guilty of one count of molestation with respect to one of the victims and one count of attempted rape with respect to the other. This appeal followed. *Held*:

1. The defendant contends that the trial court erred in giving the jury an *Allen* charge and in threatening them with the prospect of spending the night in a motel.

After deliberating for about two hours, the jury returned to the courtroom at 6:55 p.m. to voice a request that several members be allowed to call home. This request was granted, following which the jurors were taken to eat supper. They then resumed their deliberations. At 11:15 p.m., the trial judge called the jury back into the

courtroom to inquire about their progress. He was informed by the foreman that they had reached a verdict on one count but that they might not reach a verdict on the others. The court then gave the *Allen* charge. We find no abuse of discretion. See generally *Bellinger v. State*, 171 Ga. App. 143, 144 (318 SE2d 823) (1984).

The only comment made by the trial judge regarding motel arrangements came in response to a juror's inquiry regarding whether such arrangements would be made and was simply to the effect that he would look into the matter. This response was by no means threatening and could not have influenced the verdict in view of the fact that, after a very brief period of deliberation following the *Allen* charge, the jury was allowed to return to their homes for the night and to continue their deliberations the following morning.

2. The defendant enumerates as error the trial court's grant of a motion in limine made by the state regarding the introduction of the victims' school records. The defendant argues on appeal that these records were relevant for impeachment purposes in that they would have shown that "the children were not absent from school and did not have any evidence of bruises or marks on them during the periods they alleged they were abused by defendant." However, the defendant apparently never made any effort to obtain the records, and he conceded at trial that he did not know what they actually contained. Although at one point during the hearing on the motion in limine defense counsel indicated that he would perfect the record in this regard at some later time, he never did so. This enumeration of error consequently presents nothing for review. See *Wilson v. State*, 151 Ga. App. 501 (4) (260 SE2d 527) (1979).

3. The court also granted a motion in limine preventing the defendant from cross-examining one of the two victims, who was 11 years of age at the time of the alleged attempted rape, concerning her previous sexual behavior. Pretermitting whether the rape shield statute (OCGA § 24-2-3) would otherwise operate to preclude such questioning, the evidence was inadmissible in any event since consent was not at issue, a female under the age of 14 being legally incapable of giving such consent. See *Drake v. State*, 239 Ga. 232 (1), 233 (236 SE2d 748) (1977). Accord *Deen v. State*, 216 Ga. 387 (3) (116 SE2d 595) (1960); *Lively v. State*, 157 Ga. App. 419 (3) (278 SE2d 67) (1981).

4. The defendant contends that the trial court erred in denying him the right to cross-examine the victims' mother concerning her relationship with her father, i.e., the victim's grandfather, with respect to whether she and her daughters had ever been molested by him. "The right of cross-examination is not abridged where cross-examination of a witness is not permitted as to irrelevant matters or as to relevant matters but by improper questions. The trial court has a dis-

cretion to control the right of cross-examination within reasonable grounds, and the exercise of this discretion will not be controlled unless abused. [Cits.]" *Crawford v. State*, 154 Ga. App. 362 (2) (268 SE2d 414) (1980). Based upon a review of the record before us, we find no abuse of discretion. See *Fitzgerald v. State*, 166 Ga. App. 307 (304 SE2d 114) (1983).

5. The evidence was sufficient to enable a rational trier of fact to find the defendant guilty of the two offenses beyond a reasonable doubt. See *Parker v. State*, 161 Ga. App. 478 (3) (288 SE2d 297) (1982). The defendant's argument that there was no evidence of "force" to support the charge of attempted rape is meritless. The testimony of the victim in question established both that the defendant's acts were forcible and that she had resisted them.

6. The trial court, out of the jury's presence, sustained the defendant's objection to the state attorney's attempt to cross-examine him concerning an out-of-court statement he had made. The defendant contends that because the parties were before the jury when the objection was made, the trial court erred in failing to advise the jury of this ruling. This contention borders on the frivolous, in that the only comment concerning the matter which was heard by the jury was, "Your honor, may we approach the bench, please." Furthermore, the court's subsequent refusal to explain its ruling to the jury was not made the subject of any objection or motion for mistrial. Consequently, this enumeration of error presents nothing for review. See generally *Smith v. State*, 172 Ga. App. 6 (1) (321 SE2d 771) (1984).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 15, 1986.

*Richard D. Phillips*, for appellant.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.