73350. RUSSELL v. THE STATE.
(353 SE2d 820)

</div>

SOGNIER, Judge.

Russell appeals from his conviction of rape.

1. Appellant contends the trial court erred by denying his motion to suppress evidence obtained in a search pursuant to warrants for the reasons that the State did not introduce the search warrants and affidavits, there was no probable cause to search, and the location of appellant's residence described in the warrant was insufficient. At a hearing on appellant's motion Steve Stovall, an investigator with the Carroll County Sheriff's Office, testified that he obtained a search warrant for appellant's residence and a search warrant to obtain hair samples from appellant after the victim identified appellant as her assailant. The victim knew appellant because he lived with the victim's sister and was the father of the sister's two children. In addition to Stovall's affidavits, Stovall told the judge issuing the warrants the details of the rape, including use of a knife, and that the victim knew appellant because he was a frequent visitor in the victim's home to see her sister. The affidavit listed appellant's residence address and Stovall testified that this was the only location in Carroll County with

such an address. Directions to the specific address were included in the affidavit.

The task of an issuing magistrate is simply to make a practical, common-sense decision as to whether there is a fair probability that evidence of a crime will be found in a particular place. *State v. Farmer*, 177 Ga. App. 18, 19 (338 SE2d 489) (1985). The duty of a reviewing court is simply to insure that the magistrate had a substantial basis for concluding that probable cause existed. Id; *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527). Under the circumstances of this case there was a substantial basis for the judge to conclude that probable cause existed to issue the warrants. The location of appellant's residence was described with sufficient specificity to enable a prudent officer executing the warrant to locate the residence definitely and with reasonable certainty. The fact that the State did not introduce the warrants and affidavits is immaterial, since the affidavits were read into the record and both the officer who obtained the warrants and the judge who issued them testified as to the contents of the affidavits and search warrants. See *Simmons v. State*, 233 Ga. 429 (211 SE2d 725) (1975). Hence, we find no error in denying appellant's motion to suppress evidence.

2. Appellant contends error in denial of his motion for complete recordation. This contention is based on the fact that voir dire examination was not recorded and a prospective juror made an allegedly prejudicial comment during such examination in the presence of other prospective jurors.

When appellant made his motion the court ruled that it was not going to approve complete recordation of voir dire, but would have the court reporter remain in the courtroom and if any objections were made they would be put in the record. During voir dire examination a prospective juror stated that he knew appellant and could not be fair and impartial. In response to a question by appellant's counsel, the prospective juror then stated in the presence of the entire venire that it was because "similar things" had occurred. Appellant did not object at the time as he did not want to emphasize the juror's comment; thus, the exact questions and answers were not recorded. However, counsel stated at a bench conference that he was not waiving any objections and after completion of voir dire examination, the juror was questioned outside the presence of the panel, affirmed his comments, and was excused as a juror by the court. Under such circumstances we find no error in denial of appellant's motion for complete recordation.

Our Supreme Court has held that reporting of voir dire is not required in felony cases other than cases where the death penalty is sought. *State v. Graham*, 246 Ga. 341, 342 (271 SE2d 627) (1980). OCGA § 5-6-41 (d) provides that in a criminal case reported by a court reporter all objections and rulings which may be called into

question on appeal shall be reported. Since appellant made a tactical decision not to object in open court during voir dire examination, there was no requirement under § 5-6-41 (d) that the reporter record the voir dire examination. *Graham*, supra. Further, the substance of the questions and answers of the prospective juror were recorded at a hearing immediately following completion of voir dire, so any issue in this regard was preserved for appeal. Accordingly, we find no error in denial of appellant's motion for complete recordation since no harm resulted from the failure to record the voir dire examination.

Appellant also contends in this regard that the trial court erred by denying his motion for a mistrial based upon the juror's allegedly prejudicial comment in the presence of the entire venire. We do not agree.

As stated above, the juror who made the comment complained of was excused and there is nothing in the record to indicate that the jurors selected to hear this case were tainted by the comment. Appellant made no request that the jurors be questioned individually to determine if they had been prejudiced or influenced in any way by the juror's comment. A trial court has broad discretion in ruling on a motion for a mistrial, and this court will not disturb a ruling in the absence of a manifest abuse of discretion and a mistrial is essential to preserve the defendant's right to a fair trial. *Weaver v. State*, 178 Ga. App. 91, 93 (2) (341 SE2d 921) (1986). Since there is nothing in the record to support appellant's contention that the jurors were tainted by the allegedly prejudicial comment, we find no abuse of discretion in the denial of appellant's motion for a mistrial.

3. Appellant contends the trial court erred by allowing a medical doctor to testify as to lack of consent by the victim, because that was the ultimate issue to be decided by the jury. The doctor who examined the victim testified that she had one small tear and two large tears in the lining of her vagina, indicating possibly that there had been forced entry, or intercourse for which the vagina was not prepared. The doctor then testified that such tears are not usually seen with consensual intercourse. Assuming that such testimony was tantamount to an opinion that the victim did not consent, it was not error to allow such testimony. The doctor was qualified as an expert, and expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which the jurors would not ordinarily be able to draw for themselves, i.e., the conclusion is beyond the ken of the average layman. *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981). Clearly the significance of tears in the vaginal lining would be beyond the ken of the average layman. Accordingly, it was not error to allow such testimony.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 13, 1987 —
REHEARING DENIED JANUARY 28, 1987 — 

*Robert H. Sullivan*, for appellant.
*Arthur E. Mallory III, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.