### 74006. PEGG v. THE STATE.
(359 SE2d 678)

BEASLEY, Judge.

Defendant appeals his conviction of two counts of child molestation, OCGA § 16-6-4.

1. Considering the general grounds, viewing the evidence in the light most favorable to the verdict, *King v. State*, 178 Ga. App. 343 (1) (343 SE2d 401) (1986), there was sufficient evidence from which the jury could find beyond a reasonable doubt that the defendant had had intercourse repeatedly with his 11-year-old stepdaughter (Count 1) and had committed an act of sodomy on her (Count 2). *Owens v. State*, 178 Ga. App. 750, 752 (5) (344 SE2d 722) (1986). This ground is without merit.

2. Defendant complains of the introduction of various acts committed by him, including breaking into the house after he had been asked to leave, raping the child's mother, who was his estranged wife, and stealing things from the house. No objection was made by defendant to any of this testimony, and some facts relating to them were elicited by him. This Court will not consider objections raised for the first time on appeal, nor will it allow a defendant to complain of self-induced error. *Tolbert v. State*, 180 Ga. App. 703, 704 (3) (350 SE2d 51) (1986); *Farmer v. State*, 180 Ga. App. 720, 722 (5) (350 SE2d 583) (1986).

3. Defendant also complains of the testimony of a doctor who examined the victim and testified as an expert. No objection was made to the doctor's testimony at trial, but defendant seeks review nonetheless under OCGA § 5-5-24 (c) and *Almond v. State*, 180 Ga. App. 475 (349 SE2d 482) (1986). The statute allows this court to examine errors in the jury charge absent objection, if there is substantial error which was harmful as a matter of law. That is not, of course, the error claimed here. While it was relied on in *Almond* as persuasive authority for the court's actions in reviewing unobjected-to matters, the error complained of in that case amounted to a severe constitutional infringement. Almond, who acted in such a bizarre manner that the trial judge sua sponte initiated a competency hearing, was allowed to represent herself in that hearing after her trial counsel was called as a witness by the state as to his client's competency. Defendant *did* ob-

ject, but not on the ground of her right to counsel. This Court examined that error, without the appropriate objection, and found it harmful as a matter of law.

Here, on the other hand, it is unclear what the claimed error is. No specific statement of the doctor is pinpointed. It is merely stated in the brief that the doctor ". . . testified that the child had been molested and that she had been raped." The doctor testified that the physical condition found upon examination of the child's vagina, including scarring from vaginal tears, was, in his opinion, consistent with either a child becoming sexually active very young, or an older sexually active child who was entered forcefully. He also testified that he had seen similar tearing and scarring in only three situations: childbirth, rape, or forcible penile entry. This type of testimony is within the purview of an expert in this type of case. *Russell v. State*, 181 Ga. App. 624, 626 (3) (353 SE2d 820) (1987). Even if the doctor had expressed an opinion on the "ultimate issue," i.e., the molestation of the child, such an opinion has recently been acknowledged as appropriate in child molestation cases. *State v. Butler*, 256 Ga. 448 (349 SE2d 684) (1987).

We perceive in this realm no constitutional error which is reviewable absent contemporaneous objection under *Almond*.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 5, 1987 —
REHEARING DENIED JULY 14, 1987.

*Clayton Hollingsworth, Jr.*, for appellant.
*Darrell E. Wilson, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.