75498. ROBERTSON v. THE STATE.
(363 SE2d 43)

BANKE, Presiding Judge.

Michael Robertson brings this appeal from his convictions of rape and sodomy. *Held:*

1. The appellant contends that the evidence was not sufficient to suppport the verdict. At trial, the appellant did not deny having had intercourse with the victim but testified that he had acted with her consent. The victim testified that the sexual acts were committed against her will. The issue, then, was one of credibility and, as such, it was properly submitted to the jury. See generally *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985). Having reviewed the evidence in the light most favorable to the jury's verdict, we conclude that it was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the crimes of rape and aggravated sodomy. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant enumerates as error the admission of certain physical evidence, the existence of which had already been brought to the jury's attention pursuant to a written stipulation entered into by the parties. As we can conceive of no prejudice which could have resulted to the appellant from the submission of these items to the jury under such circumstances, we find no merit in this enumeration of error.

3. The appellant asserts that he was prejudiced by the introduction of irrelevant evidence regarding matters of police procedure. Again, however, the appellant has failed to show how the evidence in question could have been harmful to him. Accordingly, this enumeration of error also establishes no ground for reversal. See generally *Hill*

*v. State*, 177 Ga. App. 850 (1) (341 SE2d 322) (1986).

4. The appellant contends the trial court erred in refusing to grant a mistrial when a police detective, in response to questions posed by the district attorney concerning the officer's investigation, testified that, four to five days after making a voluntary statement to police, the appellant "said that he had secured an attorney, and the attorney had instructed him not to give any further statements. . . ." It appears that the trial court, in response to the appellant's motion, gave curative instructions to the jury to the effect that the appellant's exercise of his right to remain silent could not be used as evidence against him, and it further appears that the appellant did not thereafter renew his motion for mistrial, nor request further curative instructions. It follows that the issue was not preserved for appeal. See *Fambro v. State*, 165 Ga. App. 445, 447 (299 SE2d 114) (1983).

5. The appellant complains of the trial court's failure to give two requested charges, one concerning the weight to be given a law enforcement officer's testimony and the other concerning the weight to be afforded the testimony of one witness vis-a-vis that of numerous witnesses. The trial court specifically charged the jurors that they were the final arbitors of "what witnesses you will believe or disbelieve and what testimony you will credit or discredit." It is not necessary to give the exact language of a request to charge when the applicable principles are fairly covered by the charge as given. *Howard v. State*, 151 Ga. App. 759, 760 (261 SE2d 483) (1979). We conclude that the basic principles addressed by the requested charges at issue here were adequately covered by the trial court's charge on the credibility of witnesses in general, and we consequently find these enumerations of error to be without merit.

6. The record clearly reflects that the jury was adequately instructed on the state's burden of proof. Consequently, the appellant's final enumeration is also without merit.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED NOVEMBER 5, 1987.

*Michael Greene*, for appellant.
*Thomas C. Lawler III, District Attorney, Phil Wiley, Assistant District Attorney*, for appellee.