## A98A2056. WHEELER v. THE STATE.
(511 SE2d 564)

SMITH, Judge.

Allen Ray Wheeler was charged by indictment with aggravated assault with a hammer and aggravated assault with a van. A jury acquitted him of the charge concerning the hammer but found him guilty of the remaining charge. Wheeler filed a motion for new trial on the same day he filed a notice of appeal. The motion for new trial

was never ruled upon, and Wheeler appeals from the judgment entered on the jury's verdict. We find no error, and we affirm.

1. In two enumerations, Wheeler contends the evidence was insufficient to convict him of aggravated assault against Hale, the victim, with a van. We do not agree. Construed to uphold the verdict, evidence was presented that Wheeler was married to Hale's ex-wife. During her marriage to Wheeler, however, Mrs. Wheeler returned on occasion to Hale's home to live with him. At the time of the incidents for which Wheeler was charged, Mrs. Wheeler was living with Wheeler but returned to Hale's home to retrieve some of her belongings left there. Hale testified that after the Wheelers arrived, Mrs. Wheeler ran into his house from Wheeler's van, and he could hear Wheeler screaming from outside. Hale went outside, picked up an aluminum pole, walked toward the van, and told Wheeler to leave. Wheeler screamed at Hale, among other things, that he would run over him if he did not move. Hale stated he walked to the passenger's side door, which was open, and Wheeler struck him in the mouth with a hammer. Hale then struck Wheeler's windshield with the pole, after which Wheeler drove into the driveway, spinning tires. Hale stated that as he was attempting to move out of the van's path, the van struck him, knocked him off his feet, and dragged him through his yard. Two of Hale's neighbors testified that they saw the van chase and strike Hale.

Wheeler's rendition of the facts differed from that of Hale. In particular, Wheeler testified that while threatening to kill him Hale hit him several times with the pole and then struck the windshield of the van. He claimed that during this altercation, his foot slipped off the brakes and onto the gas pedal, causing the van to lunge forward.

Although Wheeler claimed he did not intentionally injure Hale, it was for the jury to determine either that Hale was accidentally injured or that Wheeler intentionally struck him with the van. "An appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence to convict is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. [Cit.]" *Cheney v. State*, 233 Ga. App. 66, 69 (2) (503 SE2d 327) (1998). Conflicting testimony is a matter of credibility for the jury to resolve. As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, we will uphold the jury's verdict. Id. Given the testimony of the victim and the eyewitnesses, the jury was authorized to convict Wheeler of aggravated assault with the van under the standard of *Jackson v. Virginia*, supra.

2. Wheeler also contends the trial court erred in refusing to give his requested charge that a witness's feelings toward and relationship with parties may be proved to show bias or interest on the part

of the witness. We find no error in the trial court's refusal to give this charge, because the principle addressed by the requested charge was adequately covered by the trial court's charge on witness credibility. "It is not necessary to give the exact language of a request to charge when the applicable principles are fairly covered by the charge as given. [Cit.]" *Robertson v. State*, 184 Ga. App. 796, 797 (5) (363 SE2d 43) (1987). Moreover, even assuming the court committed error in refusing to give the charge, Wheeler cannot show that any error contributed to the verdict, as the evidence against him was overwhelming. See generally *McIntyre v. State*, 266 Ga. 7, 10-11 (4) (463 SE2d 476) (1995).

3. Wheeler also contends he was denied effective assistance of counsel at trial. Although Wheeler raised this issue in a motion for new trial, he did not seek an evidentiary ruling on the issue before filing a notice of appeal. Failure to request an evidentiary hearing on a motion for new trial raising ineffectiveness of counsel operates to waive appellate review of the issue. *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988); *Howard v. State*, 233 Ga. App. 724, 730 (505 SE2d 768) (1998). It is true that *Dawson* "does not apply to a case where the appellate counsel did not participate in the motion for new trial, and the issue of ineffectiveness of counsel is properly raised for the first time on appeal." (Citation and punctuation omitted.) *Howard*, supra. But here, appellate counsel *did* "participate in the motion for new trial"; he filed it. Appellate review of the ineffectiveness issue therefore is foreclosed.

*Judgment affirmed. Johnson, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 2, 1999.

*Raymon D. Burns*, for appellant.

*Daniel J. Porter, District Attorney, Ben L. Leutwyler III, Assistant District Attorney*, for appellee.