24498.   LOVETT, also known as Zeigler v. ZEIGLER.

Argued February 13, 1968—Decided March 7, 1968.

*Kravitch & Hendrix, Lionel E. Drew, Jr.,* for appellant.
*W. Colbert Hawkins,* for appellee.

Mobley, Justice.   Gertrude Lovett, also known as Gertrude Zeigler, appealed from a judgment denying her motion to set aside a judgment of Screven Superior Court granting a divorce to George Comer Zeigler.   The grounds of the motion to set aside were: (1) The judgment was entered without notification to the appellant that the cause would be tried, and without a jury, although she had specifically requested in writing a trial by a jury.   (2)   A prior undissolved marriage is not a ground for divorce, and the judgment and decree for divorce on such ground is void.

"A motion to set aside must be predicated upon some non-amendable defect which does appear upon the face of the record and pleadings.   To be subject to motion to set aside, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed." Ga. L. 1966, pp. 609, 622; Ga. L. 1967, pp. 226, 239 (*Code Ann.* § 81A-160 (d)).

The petition of George Comer Zeigler against Gertrude Lovett (Zeigler) was in two counts, the first count seeking the annulment of the ceremonial marriage of the parties, and the second count seeking a divorce.   The allegations on which relief was sought were the same in both counts, as follows: The parties en-

tered into a ceremonial marriage on February 10, 1937. At the time the ceremony was performed Gertrude Lovett (Zeigler) had a living husband, Jason P. Lovett. Jason P. Lovett is still in life and the marriage between him and Gertrude Lovett (Zeigler) has never been dissolved by divorce or otherwise. For this reason the marriage between George Comer Zeigler and Gertrude Lovett (Zeigler) is void. Gertrude Lovett (Zeigler) filed an answer and cross action, in which she alleged that the parties were lawfully married, and because of acts of cruel treatment she was entitled to a divorce and alimony. The trial judge entered a judgment and decree granting George Comer Zeigler a divorce.

"A previous undissolved marriage renders void an attempted second marriage." *Graves v. Carter,* 207 Ga. 308, 309 (61 SE2d 282); *Kicklighter v. Kicklighter,* 217 Ga. 54 (3) (121 SE2d 122); *Code* § 53-102, as amended; *Code* § 53-104. "The previous undissolved marriage of one of the parties . . . is not a ground for divorce in this State." *Gearllach v. Odom,* 200 Ga. 350, 352 (37 SE2d 184); *Ray v. Dooley,* 208 Ga. 811 (69 SE2d 766); *Code* § 30-102, as amended.

The pleadings of George Comer Zeigler affirmatively show that the ceremonial marriage which he entered into with Gertrude Lovett (Zeigler) was void in its inception and that the marriage has been continuously void, and no amendment by pleadings or evidence could have shown that he had a valid ground of divorce. The judgment for divorce in his favor was therefore subject to being set aside because of a nonamendable defect appearing upon the face of the record and pleadings and it was error to deny the motion to set aside the judgment and decree of divorce.

Since the judgment was void for this reason, it is unnecessary to consider the other ground of the motion to set aside.

*Judgment reversed. All the Justices concur.*