## 39978. HILL v. THE STATE.

GREGORY, Justice.

The defendant was convicted of the murder of Joanne Daniel and sentenced to life imprisonment. The only issue raised on appeal is that the trial court abused its discretion in ruling competent to testify the victim's son and a neighbor's child, both eleven years of age. Both children witnessed the victim's murder, and testified they observed the defendant shoot the victim in the back as she ran through the glass of her bedroom window in an attempt to escape him.

The statutory test for determining the competency of a child to testify is that the child understand the nature of an oath: OCGA § 24-9-5 (Code Ann. § 38-1607). This court has interpreted this statutory requirement to mean that a child "know and appreciate the fact that as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation, he is subject to be punished by the court." *Smith v. State,* 247 Ga. 511, 512 (277 SE2d 53) (1981); *Jones v. State,* 219 Ga. 245, 246 (132 SE2d 648) (1963). The trial court has a sound discretion to determine whether a child is competent to testify. *Gordon v. State,* 186 Ga. 615 (198 SE 678) (1938). We do not find that discretion was abused in this case.

Both children testified that to tell the truth means "to tell what really happened" as opposed to "making something up." Both testified that they understood the significance of their oath to tell the truth while testifying in court and that if they lied they would "get in big trouble."

Appellant argues that the witnesses' respective answers that they would be in "real trouble" and "big trouble" if they lied while testifying do "not demonstrate any knowledge of . . . the punishment the law imposes [for this] violation." He urges this is conclusive evidence that these children were incompetent to testify. It is not necessary that a child demonstrate his knowledge of the penalties for perjury in order for the trial court to rule him competent to testify.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1983.

*Charles A. Thomas, Jr.,* for appellant.

*Arthur E. Mallory III, District Attorney, Blanchette Holland, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.