## 76230. ARGO v. THE STATE.

(371 SE2d 922)

BANKE, Presiding Judge.

The appellant was found guilty on five counts of an indictment charging that he had engaged in incest with his stepdaughter on six occasions during 1985. His primary contention on appeal is that the state failed to prove the existence of a legally valid marriage between himself and the mother of the alleged victim, with the result that there was no proof that the child was his stepdaughter within the contemplation of OCGA § 16-6-22 (a) (1).

The alleged victim was 16 years old at the time of trial and approximately 15 years old at the time the acts of incest were alleged to have occurred. It is undisputed that the appellant and the victim's mother had been cohabiting openly as husband and wife since 1972, in a household which had come to include at least two of their own offspring in addition to the victim. The victim testified that she referred to the appellant as "daddy," and he acknowledged that he considered her to be his stepdaughter. However, there was evidence that the appellant had been married to another woman at the time he began cohabiting with the victim's mother, and there was no showing that this prior marriage had been dissolved by divorce. On the other hand, neither was there any affirmative evidence tending to establish that the appellant's first wife was still alive. Although the appellant testified that his first wife had moved to Wisconsin after their separation in 1972, he acknowledged that he had not seen her since then, and he gave no indication that he had received any information from or concerning her since 1972. *Held*:

1. OCGA § 16-6-22 (a) (1) specifies, in pertinent part, that "[a] person commits the offense of incest when he engages in sexual intercourse with a person to whom he knows he is related . . . by marriage as . . . [f]ather and . . . stepdaughter. . . ." While the appellant does not deny that the evidence in this case was otherwise sufficient to establish the existence of a common-law marriage between himself and the victim's mother, he contends that no such marriage could be inferred in the absence of evidence affirmatively establishing that his prior marriage had been terminated. Stated somewhat differently, he

contends that he is shielded by his prior bigamy from criminal liability for incest. We disagree.

As a general rule, the validity of a second marriage will be presumed " 'until evidence is adduced that the spouse of the first marriage is living, and only then [is] the burden on the party contending that the second marriage is valid to go forward with the evidence and show that the first marriage was dissolved by divorce.' " *Patrick v. Simon*, 237 Ga. 742, 743 (229 SE2d 746) (1976). Although this rule is normally applied in favor of subsequent ceremonial marriages, we can conceive of no reason why it should not also apply in favor of subsequent common-law marriages, particularly where, as in the present case, the cohabitation evidencing the common-law marriage is continuing and has produced offspring. The essentials of a marriage are set forth in OCGA § 19-3-1, "and [the Supreme Court] has repeatedly recognized common-law marriages as complying with these essentials." *Campbell v. Allen*, 208 Ga. 274, 280 (66 SE2d 226) (1951).

Moreover, even if it was incumbent on the state to come forward with evidence affirmatively establishing that the appellant's first wife was no longer living, it met that burden by showing that she had been absent since 1972 without being heard from. "As a general rule the law will presume the death of a person after his absence for seven years, when nothing has been heard from him." *Murchison v. Green*, 128 Ga. 339, 342 (57 SE 709) (1907). Pursuant to OCGA § 19-3-5 (b), a marriage which is void due to the existence of a prior, undissolved marriage becomes valid "after removal of the impediment [where there is] a subsequent free and voluntary consent and ratification of the marriage accompanied by cohabitation as husband and wife. . . ." The evidence in this case clearly established that there was such voluntary consent to and ratification of the de facto marriage relationship between the appellant and the victim's mother following the first wife's absence for a period in excess of seven years, accompanied by their continued cohabitation as husband and wife. Consequently, the jury was authorized to conclude beyond a reasonable doubt that the appellant and the victim were related by marriage as stepfather and stepdaughter at the time the alleged acts of intercourse occurred.

2. The appellant contends that the victim's testimony was insufficiently corroborated to support his convictions and also that his convictions should be reversed because the circumstantial evidence offered by the state failed to exclude every reasonable hypothesis save that of his guilt. Both these contentions are without merit. "A conviction for incest may be based upon the uncorroborated testimony of the prosecuting witness, if the testimony is sufficient to convince a rational trier of fact of the defendant's guilt beyond a reasonable doubt." *Baker v. State*, 245 Ga. 657 (5), 666 (266 SE2d 477) (1980).

Accord *Scales v. State,* 171 Ga. App. 924 (2) (321 SE2d 764) (1984). Similarly, it is unnecessary for the circumstantial evidence to exclude every other reasonable hypothesis save that of the defendant's guilt where, as here, there is also direct evidence of his guilt in the form of eyewitness testimony. See, e.g., *Saine v. State,* 170 Ga. App. 610, 611 (1) (317 SE2d 650) (1984).

The evidence in this case, viewed in the light most favorable to the prosecution, was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of each of the five counts of incest of which he was convicted. See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. The appellant contends that, "in light of the court's failure to provide curative instruction," it was error to admit certain testimony by a psychologist and two police investigators recounting various statements the victim had previously made which supported her testimony at trial. The appellant did not object to the admission of any of this testimony during the trial, nor has he suggested, either in the trial court or in this court, what curative instructions ought to have been provided with respect to it. Consequently, this enumeration of error presents nothing for review by this court. See generally *Edwards v. State,* 224 Ga. 684 (1) (164 SE2d 120) (1968); *Benjamin v. State,* 172 Ga. App. 3 (2) (321 SE2d 769) (1984). The testimony in question was, in any event, admissible under the Supreme Court's decision in *Cuzzort v. State,* 254 Ga. 745 (334 SE2d 661) (1985).

4. The appellant contends that the court further erred in permitting the psychologist to express the opinion that certain psychological tests performed on the child had "confirmed her truthfulness." This is a mischaracterization of the witness's testimony. What the psychologist actually said in this regard was not that the child's truthfulness had been confirmed by the tests but that, in his opinion, it would have been "very difficult" for a 15-year-old to fake all of the symptoms which he had observed in arriving at his conclusion that the child had been sexually abused. In any event, no objection was made to this testimony. Consequently, this enumeration of error also presents nothing for review.

5. The appellant enumerates as error the court's failure to give his requested charge based on OCGA § 24-9-85, regarding the credit to be given a witness whose testimony has been impeached and the requirement that the testimony of a witness who has wilfully and knowingly given false testimony be disregarded unless corroborated by other evidence.

The trial court charged the jury that a witness's testimony could be discredited by disproving facts testified to by the witness or by proof of prior contradictory statements made by the witness; and the court further charged the jury that it was their exclusive function to

weigh all of the testimony and evidence supporting or discrediting any witness and to determine whether to believe or disbelieve the testimony of a witness. We are at a loss to understand how the charge requested by the appellant could have been more beneficial to him or in what respect the charge given by the court failed to provide the jury with proper guidelines for determining his guilt or innocence. In particular, we do not comprehend the appellant's contention on appeal that the charge given by the court "encouraged the jury to ignore the individual credibility of each witness." Consequently, we find this enumeration of error to be without merit. Accord *Poteat v. State*, 251 Ga. 87 (3) (303 SE2d 452) (1983).

6. The appellant contends that "a new trial is warranted because the state failed to offer any evidence as to the reasons that all pending charges had been dropped against the prosecutrix prior to trial." There has been no showing whatever in this case that the state withheld information favorable to the appellant, and we are aware of no authority for the proposition that the state is ever under an obligation to *introduce* evidence favorable to the accused. See generally *Rini v. State*, 236 Ga. 715 (4) (225 SE2d 234) (1976). Consequently this enumeration of error is also without merit.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Pope and Benham, JJ., concur. Carley, Sognier, and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

Although I would concur in Divisions 2 through 6, I respectfully dissent because I cannot concur in Division 1, which would leave consideration of the remaining enumerations of error moot.

Proof of the element of Code-specified family relationship must be shown beyond a reasonable doubt. OCGA § 16-1-5 (1983). See *Cook v. State*, 11 Ga. 53, 56 (1852). In order to prove the required father/stepdaughter relationship, there must be, for one thing, evidence of marriage between the defendant and the mother of the prosecutrix. *Wilkins v. State*, 96 Ga. App. 841 (2) (101 SE2d 912) (1958).

OCGA § 19-3-2 (3), which applies to common law as well as ceremonial marriages, *Hiter v. Shelp*, 129 Ga. App. 401, 402 (199 SE2d 832) (1973), requires that "a person . . . [h]ave no living spouse of a previous undissolved marriage," and that "[t]he dissolution of a previous marriage in divorce proceedings must be affirmatively established and will not be presumed." Defendant and the mother of the prosecutrix had not entered into a ceremonial marriage, although there was sufficient evidence to show a common law "marriage" in that they held themselves out as husband and wife. But there was undisputed testimony by the prosecutrix, her mother, and defendant that defendant had previously been married, defendant's wife was

still living, as far as he knew, and he had not obtained a divorce. It was not established that nothing had been heard from her for seven years so as to raise any presumption that she was dead. There was merely testimony, by defendant, that he had last seen her in 1972 and "[s]he lives in Wisconsin." No evidence of dissolution of that marriage was presented. A prior undissolved marriage renders a subsequent "marriage" void. *Lovett v. Zeigler*, 224 Ga. 144 (160 SE2d 360) (1968); *Kicklighter v. Kicklighter*, 217 Ga. 54, 59 (3) (121 SE2d 122) (1961); *Clark v. Cassidy*, 62 Ga. 407, 412 (5) (1879).

Thus, because the legal impediment of defendant's prior dissolved marriage had not been removed, a valid common law marriage between defendant and the prosecutrix' mother never arose. The required relationship for conviction of incest is absent. This element cannot be supplied by a presumption against defendant (as to the validity of the second "marriage") in this criminal case, absolving the State of proving all the elements of OCGA § 16-6-22 beyond a reasonable doubt.

I am authorized to state that Judge Carley and Judge Sognier join in this dissent.

DECIDED JULY 15, 1988 —
REHEARING DENIED JULY 28, 1988

*Virgil L. Brown*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.