## 77874. KNOPP v. THE STATE.
### (378 SE2d 703)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of child molestation and aggravated child molestation. He appeals from the judg-

ments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. The trial court, after conducting a hearing outside the presence of the jury, found that the seven-year-old victim was competent to testify. Appellant enumerates this ruling as error, urging that the victim never demonstrated that she knew and appreciated that a violation of her oath as a witness would subject her to punishment by the court.

"It is not necessary that a child demonstrate his knowledge of the penalties for perjury in order for the trial court to rule him competent to testify." *Hill v. State*, 251 Ga. 430, 431 (306 SE2d 653) (1983). The record here shows that the victim knew and appreciated that "[i]f you tell a lie, you get a whipping." Accordingly, as in *Hill*, supra, the trial court in the present case did not abuse its discretion in ruling that the victim was competent to testify.

Appellant further urges that the trial court subsequently erred in allowing the victim to give her testimony without actually ever having been administered the oath. Even assuming that this contention were supported by the record, any error was waived by the failure of appellant to object. See *Belcher v. State*, 173 Ga. App. 509 (1) (326 SE2d 857) (1985).

2. An expert witness for the State testified as to statements made to him by the victim, which statements were incriminating of appellant. The admission of this testimony is enumerated as error.

The record shows that the only objection appellant raised was that the expert witness' testimony related to statements which the victim had made at a point "too far removed in time to fall within the res gestae or the hearsay rule." It is clear that the testimony of the expert witness was hearsay and that it was not admissible under the res gestae exception. However, the expert's testimony would nevertheless be admissible if it was shown to be within the statutory exception created by OCGA § 24-3-16. See generally *Eberhardt v. State*, 257 Ga. 420 (1) (359 SE2d 908) (1987). The record shows that the victim was not only available to testify in the proceedings, she was called as the State's first witness and that, prior to the admission of the expert witness' testimony, the trial court determined that the circumstances surrounding the victim's statements provided sufficient indicia of reliability. Accordingly, there was compliance with OCGA § 24-3-16 and the trial court did not err in allowing the testimony of the expert witness into evidence.

*Judgments affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 10, 1989.

*Franklin H. Thornton*, for appellant.
*William G. Hamrick, District Attorney*, for appellee.