A89A1141. SMITH v. THE STATE.
(387 SE2d 648)

BENHAM, Judge.

Convicted of selling cocaine, appellant was sentenced to life imprisonment under the provision of OCGA § 16-13-30 (d) requiring such a sentence for a second or subsequent offense. The prior offense used against appellant in sentencing was a 1971 conviction for selling heroin. Appellant contends on appeal that his sentence was illegal because subsection (d) authorizes a life sentence only for a second violation of the Georgia Controlled Substances Act, which was not in effect in 1971. We agree.

In *Taylor v. State*, 186 Ga. App. 113 (3) (366 SE2d 422) (1988), this court held that "it is only when appellant is convicted a second time *for a violation of OCGA § 16-13-30 (b)* that a sentence to life imprisonment is authorized." The Georgia Controlled Substances Act, now codified as OCGA Ch. 16-13, was first enacted in 1974 (Ga. L. 1974, p. 221 et seq.), after appellant's conviction for selling heroin. He has not, therefore, been convicted of two violations of the Act, and the life sentence was not authorized.

The State's argument that the life sentence was authorized because the sale of heroin was illegal in 1971 misses the mark. If the legislature had intended to include convictions for crimes which would have been violations of the Act had they been committed after the effective date of the Act, it could have said so, just as it included in OCGA § 40-5-58 (a) (1) offenses under federal law or the law of other states "substantially conforming" to the Georgia offenses warranting designation as a habitual violator. The legislature did not do so. Appellant's sentence was not authorized by law, so we are bound to reverse it and to remand this case to the trial court for resentencing.

*Judgment of conviction affirmed, sentence reversed, and case remanded for resentencing. Birdsong, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

Were it not for the whole court case of *Taylor v. State*, 186 Ga. App. 113 (3) (366 SE2d 422) (1988), I would conclude that the pro-

claimed pronounced punishment was intended for repeated sale of specific enumerated drugs without any regard given to the transgression of the peculiar and particular statutory acts involved. However, since the whole court has spoken, I must yield to the majority.

DECIDED NOVEMBER 1, 1989.

*Cowen & Cowen, Linda S. Cowen,* for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.