## A90A0695. JOHNSON v. THE STATE.

(393 SE2d 712)

BIRDSONG, Judge.

David Johnson appeals his conviction of incest with his thirteen-year-old stepdaughter in violation of OCGA § 16-6-22 (a) (1). The evidence against Johnson consisted of the testimony of his stepdaughter that she had engaged in sexual intercourse with her stepfather, the testimony of one of the stepdaughter's friends that, when she was thirteen years old, Johnson asked her to have sex with him for money, and the testimony of a friend of Johnson's stepson that he saw Johnson, dressed in his underwear, sitting on the side of the bed while the stepdaughter was in the bed covered with a sheet. Johnson contends the trial court erred in admitting evidence, erroneously denied a motion for a directed verdict, and failed to give a defense requested charge. He also contends that the evidence is insufficient to sustain a conviction. *Held*:

1. Johnson contends that the trial court erred by allowing the testimony by the two friends of his stepchildren about other criminal transactions. He asserts that this testimony improperly introduced his character in issue and that there was not sufficient similarity between the independent crimes and the offense charged to allow admission of the testimony. See *Ailstock v. State*, 159 Ga. App. 482 (283 SE2d 698).

" 'Evidence of other similar crimes by a defendant is admissible if there is sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. Such evidence may be admitted to show state of mind or intent of a defendant. In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the act charged.' [Cit.]" *Tucker v. State*, 191 Ga. App. 648 (382 SE2d 425). Before this evidence is admitted, however, there must be evidence that the defendant was the perpetrator of the independent crimes, there must be sufficient similarity or connection between the independent crime and the offense charged, and the probative value of the evidence must outweigh the prejudicial impact. *Guffey v. State*, 191 Ga. App. 501, 502 (382 SE2d 202).

Although appellant denies committing the crimes, we find sufficient evidence proving his identity as the perpetrator to satisfy this requirement. The witnesses knew appellant and they testified the crimes occurred in his home. Regarding the similarity requirement, one of the independent crimes also involved the victim in this case. The other involved another thirteen-year-old while she was visiting the victim in appellant's home, and appellant used the same phrase in soliciting sex for money as he had with the victim in this case. More-

over, "[t]he exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses." *Johnson v. State*, 242 Ga. 649, 653 (250 SE2d 394). Therefore, the other crimes were sufficiently similar for the evidence to be admissible to show appellant's lascivious motivation, plan, scheme, bent of mind, course of conduct, and lustful disposition, as well as to corroborate the victim's testimony about the act charged and another prior act. See *Tucker v. State*, supra; *Guffey v. State*, supra.

Balancing the probative value of the evidence of the other crimes against the potentially prejudicial impact (*Oller v. State*, 187 Ga. App. 818, 820-821 (371 SE2d 455)), we find no abuse of discretion by the trial judge in admitting this testimony.

2. The second enumeration of error contends that the trial court erred by not conducting a preliminary hearing before determining that two minor witnesses were competent to testify. See OCGA § 24-9-7 (a). The record shows that one witness was seventeen years old and the other was fourteen. In both instances, the trial court found that the witnesses were competent to testify after learning the ages of the witnesses. Appellant's only objection is that the trial court did so without conducting an extended examination of the witnesses. "The determination of competency of a child witness rests in the sound discretion of the trial court, and we will not reverse in the absence of manifest abuse of discretion. [Cits.]" *Guffey v. State*, supra. There is not the slightest evidence suggesting that the two teenage witnesses were in any way not competent, and we do not find that the trial court abused its discretion by finding fourteen-and seventeen-year-old witnesses competent to testify without holding extended, pro forma examinations. OCGA § 24-9-7 (a) only requires that the trial court determine that the witnesses were competent. The trial court did so, and we find no error.

3. Appellant also contends the trial court erred by not striking the testimony of a Department of Family & Children's Services caseworker because the testimony was based upon records which had not been properly authenticated as business records. The transcript shows that the witness testified about conversations she had with the victim in this case and that the substance of the conversations was admissible under the child-victim hearsay statute (OCGA § 24-3-16), but she also testified about other matters concerning the victim which she may have learned from records about the victim. However, the transcript also shows the testimony appellant complains about was elicited on cross-examination by the defense counsel, and that only at the end of her testimony did he move to strike it. In these circumstances, even if there was error, appellant cannot complain of it because he induced it. *Sullens v. State*, 239 Ga. 766, 767 (238 SE2d

864).

4. Appellant asserts that the trial court erroneously denied his motion for a directed verdict of acquittal because the State did not prove that he was married to the victim's mother. In this instance, the State did not introduce documentary evidence of the marriage between the victim's mother and appellant, but relied on unrebutted testimony that the two were married. This evidence was sufficient (see *Argo v. State*, 188 Ga. App. 102-103 (371 SE2d 922)), and the trial court did not err by denying the motion. *Taylor v. State*, 252 Ga. 125, 127 (312 SE2d 311).

5. Appellant also enumerates as error the failure of the trial court to give a requested charge to the effect that the court determined the competency of the child witnesses to testify, but the jury had the sole responsibility to judge credibility and give testimony the weight it deserves, and the jury should not take the court's decision to admit the testimony as an indication of credibility. The trial court refused to give the charge because it was not an accurate statement of the law and because the court gave a charge adequately instructing the jury on its responsibility regarding the credibility of witnesses.

There is no requirement that the jury be advised on all the duties of the court vis-a-vis the jury, and the trial court did not err by refusing to so charge in this instance. Further, the trial court instructed the jury that no ruling it made should be taken as an expression on the credibility of the witnesses, and the charge given also fully and accurately instructed the jury on its responsibilities regarding credibility. Appellant is not entitled to have the charge given exactly as he requested. *Cohran v. State*, 141 Ga. App. 4, 5 (232 SE2d 355). There was no error here.

6. The final enumeration of error contends that the evidence was insufficient to prove appellant's guilt beyond a reasonable doubt. Although appellant denied it on the witness stand, his stepdaughter testified that he had sexual intercourse with her while appellant was married to her mother. That is sufficient. Appellate courts view the evidence in the light most favorable to the verdict (*Watts v. State*, 186 Ga. App. 358 (366 SE2d 849)), and we only determine if the evidence is sufficient for a reasonable trier of fact to have rationally found proof of guilt beyond a reasonable doubt. We do not weigh the evidence or judge credibility. *Banks v. State*, 185 Ga. App. 851, 853 (366 SE2d 228). The transcript of this case "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that the appellant was guilty of [incest]." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 16, 1990.

*Ernie M. Sheffield*, for appellant.

*J. Brown Moseley, District Attorney, Ronald S. Smith, Robert G. Dunn III, Assistant District Attorneys*, for appellee.