A91A0722. DANIEL v. THE STATE.
(406 SE2d 806)

SOGNIER, Chief Judge.

Daniel Anthony Daniel was indicted on 18 counts of sexual abuse involving his ten year old stepdaughter and eight and eleven year old stepsons. He was convicted by a Jackson County jury of four counts of aggravated sodomy, four counts of aggravated child molestation, two counts of child molestation, one count of attempted rape, and one count of attempted aggravated sodomy. He appeals from the denial of his motion for new trial.

1. Appellant first challenges the sufficiency of the evidence. Construed to uphold the verdict, the evidence adduced at trial established that the molestation occurred at night while the children's mother was working and appellant was home alone with the children. All three children described numerous incidents of sexual abuse, including attempted rape of the girl and oral and anal sodomy of the boys. They also testified appellant forced them to sodomize each other and to masturbate him, and that he forced the older boy to have sexual intercourse with his sister. The children explained that appellant, who often whipped them with a belt, forced them to perform these acts by threatening to whip them if they did not comply. The abuse was reported to the Department of Family & Children's Services (DFCS) after the stepdaughter reported it to her school principal. The DFCS caseworker who initially interviewed the children testified concerning the graphic descriptions of molestation they had reported to her, and the victim assistance counselor who worked with the children stated that the children exhibited characteristics of the child abuse syndrome and that they related specific instances of molestation to her. Appellant denied molesting the children, and stated that he did not know why they would lie.

Appellant contends the children's testimony was not credible.

The question of witness credibility, however, is for the jury. *Stroud v. State*, 193 Ga. App. 82 (1) (387 SE2d 37) (1989). On appeal, this court determines the sufficiency of the evidence, but does not weigh the evidence or determine witness credibility. *Norman v. State*, 197 Ga. App. 333 (1) (398 SE2d 395) (1990). We find the evidence was sufficient to authorize a rational trier of fact to find proof of the charged crimes beyond a reasonable doubt under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Stander v. State*, 193 Ga. App. 212 (1) (387 SE2d 422) (1989).

2. Appellant maintains the trial court erred by sentencing him to 20 years for attempted rape because the maximum sentence permitted was ten years. OCGA §§ 16-6-1 (b); 16-4-6 (a), (b). The State concedes this error, but urges that it was harmless since appellant's total sentence was so long that the mistake in his attempted rape sentence will have no effect on the amount of time he spends in prison. We do not agree with this rationale, as we are bound to reverse a sentence not authorized by law. *Smith v. State*, 193 Ga. App. 365 (387 SE2d 648) (1989). Accordingly, we reverse this portion of appellant's sentence and remand for resentencing on the attempted rape count. See id.

*Judgment affirmed; sentence reversed and case remanded in part. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 19, 1991.

*Jerry C. Gray*, for appellant.
*Timothy G. Madison, District Attorney, Jeffrey G. Morrow, Assistant District Attorney*, for appellee.