A92A0760. LOTT v. THE STATE.
(426 SE2d 667)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty of two counts of aggravated child molestation and five counts of child molestation. The victim was, in each instance, appellant's stepdaughter. He appeals from the judgment of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Appellant moved to strike the victim's testimony on the ground that she did not understand the nature of the oath. The trial court's refusal to do so is enumerated as error.

Existing OCGA § 24-9-5 (b) provides that any child is competent to testify in a criminal case involving child molestation. However, this statute does "not apply to crimes or offenses which took place prior to [its] effective date of [April 19, 1989]." Ga. L. 1989, pp. 1639, 1640. The former law had provided that, in any type of case, a child who

did not understand the nature of an oath was an incompetent witness. Appellant contends that the former law applies in the instant case because most of the alleged offenses occurred prior to April 19, 1989.

The victim was 15 years of age at the time of trial and she testified that she knew it was bad to tell a lie, that she would be punished if she did so and that she also understood the importance of telling the truth in court. "It is not necessary that a child demonstrate [her] knowledge of the penalties for perjury in order for the trial court to rule [her] competent to testify." *Hill v. State*, 251 Ga. 430, 431 (306 SE2d 653) (1983). Thus, even if the former law were to apply in the instant case because the majority of the crimes occurred prior to the effective date of existing OCGA § 24-9-5 (b), the trial court did not abuse its discretion in refusing to strike the victim's testimony. See *Cook v. State*, 199 Ga. App. 523, 524 (3) (405 SE2d 341) (1991); *Johnson v. State*, 195 Ga. App. 385, 386 (2) (393 SE2d 712) (1990).

2. On direct examination of the investigating officer, the State asked the following question: "During the course of the forty or so child abuse cases you've investigated, could you tell us whether or not this is the first time that the child's mother . . . sided with the defendant?" Appellant objected to the relevancy of this question. The objection was overruled, and the officer responded: "No. Unfortunately [in] most of my cases the mother almost always sides with her husband." The admission of this testimony is enumerated as error.

The fact that, in the officer's previous experience, most of the victims' mothers had sided with their husbands is certainly not relevant to explain either the conduct or the testimony of the victim's mother in the instant case. Insofar as the victim's mother and appellant's wife is concerned, the testimony did not relate to the state of *her* "feelings towards the parties and [*her*] relationship to them. . . ." (Emphasis supplied.) OCGA § 24-9-68. Compare *Quinn v. State*, 132 Ga. App. 395, 396 (2) (208 SE2d 263) (1974) (wherein the witness "had a civil action pending against the defendant arising out of the same incident"). Any inference that this case is like most of the officer's previous cases is completely irrelevant to any issue being tried, *unless* the objective of the State was to have the jury infer that most of the defendants in the officer's other 40 cases were guilty and that, therefore, the defendant's wife in each of those other cases gave false testimony. The only benefit to the State's case of such inferences would be to foster the further inference that appellant's wife in this case would give untruthful testimony. Such totally irrelevant testimony and the impermissible illogical inferences sought to be drawn therefrom would be inherently prejudicial and absolutely inadmissible. The officer's testimony certainly does not come within any of the authorized methods for impeachment of a witness. See *Cross v. State*, 136 Ga. App. 400, 404-405 (5, 6) (221 SE2d 615) (1975); OCGA §§ 24-

9-82 through 24-9-84. "This testimony had nothing to do with the case against the defendant. . . . [The question was] totally irrelevant to the case." *Winget v. State*, 138 Ga. App. 433, 434 (3) (226 SE2d 608) (1976).

Cases authorizing expert testimony on an issue which is beyond the ken of average jurors are not authority for the admission of the officer's testimony in the instant case. These cases, including *Allison v. State*, 256 Ga. 851 (353 SE2d 805) (1987), *Hammock v. State*, 201 Ga. App. 614, 618 (6) (411 SE2d 743) (1991) and others, deal with a *professional's* testimony concerning the Child Abuse Accommodation Syndrome. The officer in the instant case is not a psychologist or a psychiatrist and her statement of fact that, in her previous experience, most of the victims' mothers had sided with the defendants is not an expert opinion on an issue beyond the ken of average jurors.

3. Over objection, the State was allowed to question the victim's mother about her own sexual abuse as a child and to show that she had been afraid to tell anyone about it because she did not think she would be believed. This testimony is enumerated as error, the contention being that the State's questioning involved an irrelevant and prejudicial matter.

The testimony was irrelevant. However, the mother further testified that, because she had been afraid to report her own abuse, she watched the victim very carefully, as she did not want the same thing to happen to her daughter and "would kill anybody that laid a hand on her." Thus, even though the testimony was not relevant to the alleged molestation of the victim, it was certainly not prejudicial to appellant and, in fact, bolstered his defense that no one had seen any such incidents occur or suspected that he was involved. Unless it is shown that it was prejudicial, the admission of irrelevant evidence is not a ground for reversal. *Hill v. State*, 177 Ga. App. 850, 851 (1) (341 SE2d 322) (1986); *White v. State*, 174 Ga. App. 699, 700 (1) (331 SE2d 72) (1985).

4. Appellant also enumerates the general grounds, pointing to examples in the trial transcript wherein the victim's testimony was inconsistent or contradicted, and also to the undisputed testimony of witnesses that appellant had good character. "The question of witness credibility, however, is for the jury. [Cit.] On appeal, this court . . . does not weigh the evidence or determine witness credibility. [Cit.] We find the evidence was sufficient to authorize a rational trier of fact to find proof of the charged crimes beyond a reasonable doubt under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). [Cit.]" *Daniel v. State*, 200 Ga. App. 79, 80 (1) (406 SE2d 806) (1991).

*Judgment reversed. Sognier, C. J., Birdsong, P. J., Beasley, Cooper and Johnson, JJ., concur. McMurray, P. J., Pope and An-*

*drews, JJ., dissent.*

POPE, Judge, dissenting in part.

While I concur with Divisions 1, 3 and 4 of the opinion, I write separately because I do not agree the trial court committed reversible error by allowing the investigator from the sheriff's office to testify that it was common in the 40 or so child abuse cases she had investigated for the mother to side with the father. As the question which elicited the objected to testimony indicates, defense counsel had earlier stated the victim's mother/defendant's wife did not believe her husband committed the acts of child molestation of which he was accused. She later testified she did not believe the defendant molested her daughter, even though she admitted she never discussed the alleged acts of molestation with her daughter. Obviously, in cases such as this in which one parent is accused of molesting a child or stepchild, the testimony of the other parent, especially a biological parent, weighs heavily with the jury. The credibility of the victim's mother/defendant's wife was a crucial issue in this case, and the complained of testimony *explains both the conduct and testimony of the key witness for the defendant.* "As a general rule and particularly when the evidence is conflicting, a party may show any fact or circumstance that might affect the credit of an opposing witness. [Cit.]" *Arnold v. State,* 163 Ga. App. 10, 13 (293 SE2d 501) (1982). " 'Evidence is relevant if it relates to the questions being tried by the jury, either directly or indirectly, tends to illustrate or explain the issue, or aids the jury in arriving at the truth.' (Citations and punctuation omitted.) [Cit.]" *Yelverton v. State,* 199 Ga. App. 41, 42 (1) (403 SE2d 816) (1991). The testimony at issue was relevant and properly admitted by the trial court. Furthermore, as this court has consistently recognized, what is common in child abuse cases is beyond the ken of average jurors and therefore a proper subject of testimony of those having expertise in that area. See generally *Hammock v. State,* 201 Ga. App. 614 (6) (411 SE2d 743) (1991); *Cooper v. State,* 200 Ga. App. 560 (2) (408 SE2d 797) (1991).

I am authorized to state that Presiding Judge McMurray and Judge Andrews join in this dissent.

DECIDED DECEMBER 4, 1992 —
RECONSIDERATION DENIED DECEMBER 18, 1992

*Steinberg & Vrono, Charles J. Vrono,* for appellant.
*Peter J. Skandalakis, District Attorney, Lisa R. Roberts, Assis-*

*tant District Attorney*, for appellee.