A92A2286. GARLAND v. THE STATE.
(427 SE2d 314)

BLACKBURN, Judge.

The defendant, Yancey Derringer Garland, was convicted by a jury of armed robbery and aggravated assault and sentenced to 20 years on each count. On appeal, the defendant contends that the evidence was insufficient to support his conviction.

At trial, the 44-year-old male victim, testified that on August 11, 1990, a woman accompanied him home after she offered to have sex with him for money. The defendant followed the two to the victim's

home. The victim subsequently asked the woman to leave when he was unable to produce enough money. She returned to the victim's home with the defendant, who forced his way into the house and stabbed the victim in the upper part of his back. The defendant also took the victim's wallet which contained money and food stamps. The victim reported the incident to the police and was subsequently taken to the hospital.

Officer Chris Mullins testified that on the night in question, the victim had informed him that a tall man wearing a white T-shirt, tan pants and a "box" haircut pushed his way into his home. The victim indicated that the man took $50 and stabbed him in the back with an unknown object. Officer Betty Spencer testified that on the night in question, she received a call concerning this incident and she reported to the hospital emergency room. Upon her arrival, she saw two stabbing victims, one was the victim and the other was the woman who had been with the victim earlier that evening. While at the hospital, she saw the defendant attending to the woman. The woman was later identified as his girl friend. According to Officer Spencer, the defendant appeared to have fit the victim's description of his assailant. When Officer Spencer started looking for the defendant and asking questions about him, he fled and was later apprehended at a Florida hospital while visiting his girl friend who had been transferred there for treatment. The next day after the incident, Officer Spencer asked the victim to view a photographic array, from which the victim identified the defendant. The victim was also able to identify the defendant in court as his assailant.

In the appellant's sole enumeration of error, he contends that the evidence produced at trial was insufficient to support his conviction. On appeal of a criminal conviction, the standard of review is whether, " 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Cit.]" (Emphasis omitted.) *Adams v. State*, 255 Ga. 356, 357 (338 SE2d 860) (1986). At trial, direct evidence was produced which connected the defendant to the crime. The victim made a pre-trial identification of the defendant from a photographic array and additionally identified the defendant as his assailant in court. Although the defendant challenges the victim's pre-trial identification as being impermissibly suggestive, he does not enumerate as error the admissibility of the pre-trial identification nor did he object to its admission at trial. As this court held in *Newberry v. State*, 184 Ga. App. 356, 357 (1) (361 SE2d 499) (1987), "[e]numerations may not be enlarged by brief on appeal to cover issues not contained in the original enumeration. [Cit.]" Therefore, this court may not address the admissibility of the pre-trial identification.

The defendant also asserts that the victim was inconsistent and

nonresponsive to some of the questions asked of him at trial. "[T]his court determines the sufficiency of the evidence, but does not weigh the evidence or determine witness credibility. [Cit.]" *Daniel v. State*, 200 Ga. App. 79, 80 (1) (406 SE2d 806) (1991). The jury weighed the evidence and found against the defendant and this court may not substitute its judgment for that of the jury. We have reviewed the evidence in the light most favorable to the prosecution and conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JANUARY 19, 1993 —
RECONSIDERATION DENIED FEBRUARY 1, 1993.

*Andrews & Seery, Stephen H. Andrews*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.