## A96A2447. NELSON v. THE STATE.
(481 SE2d 605)

BEASLEY, Judge.

Nelson was convicted by a jury of driving an improperly equipped vehicle (OCGA § 40-8-7), driving under the influence of alcohol to the extent it was less safe for him to drive (OCGA § 40-6-391 (a) (1)), and driving a motor vehicle while having an alcohol concentration of 0.10 grams or more (OCGA § 40-6-391 (a) (4)). He was sentenced for violations of OCGA §§ 40-8-7 and 40-6-391 (a) (4).

Trooper Wiley testified that on February 1, 1996, he initiated a traffic stop of Nelson because he was driving a van with no taillights. After stopping Nelson, Wiley suspected that he was under the influence of alcohol because he could smell the distinct odor of an alcoholic beverage on his breath, and he exhibited other manifestations of it, such as slurred speech and unsteady gait. After Nelson admitted he had consumed an alcoholic beverage before driving, Wiley performed three field sobriety tests, the last of which involved blowing into an alco-sensor. Nelson did not perform the first two tests satisfactorily, and the alco-sensor registered the presence of alcohol on his breath. Wiley placed him under arrest and transported him to jail, where an intoximeter test was administered. The results of that test (.14 grams percent alcohol) were admitted in evidence.

Deputy Sheriff Lofton testified that on February 14, 1992, he initiated a traffic stop of Nelson after receiving a radio dispatch stating his vehicle had been weaving and moving slowly. When stopped, an odor of alcoholic beverage emanated from Nelson, his speech was slurred, his eyes were glassy, and he was unsteady on his feet. After an intoximeter test, he was arrested for DUI. Copies of the accusation and guilty plea were admitted in evidence. The test results (.22 grams percent alcohol) were shown through these documents and Lofton's testimony.

At trial, Nelson admitted he was drunk when he was stopped by Lofton in 1992, but he maintained that he had not had too much to drink when stopped by Wiley in 1996.

1. Nelson complains of the court's failure to suppress evidence concerning the field sobriety and intoximeter tests administered to him in 1996, in that he was not advised of his right not to incriminate himself under OCGA § 24-9-20 and Art. I, Sec. I, Par. XVI of the 1983 Georgia Constitution.

He filed a motion seeking to suppress these test results based on, among other things, the state grounds advanced in this enumeration. At the hearing on the motion, defense counsel argued only a federal ground, i.e., *Miranda,* and the court denied the motion upon determining that *Miranda* is inapplicable. Since Nelson abandoned the state grounds at the hearing, this enumeration presents nothing for

review. See *Henderson v. State*, 206 Ga. App. 642, 644 (426 SE2d 264) (1992).

2. Nelson contends the court erred in allowing in evidence the 1992 DUI offense as a "similar transaction," in that the prejudice against him outweighed the probative value. See *Randall v. State*, 207 Ga. App. 637, 638 (1) (428 SE2d 616) (1993).

At issue was whether Nelson was under the influence of alcohol to the extent it was less safe for him to drive. He testified that he had not been drinking excessively, unlike when he was arrested previously. Yet the observations of the arresting officers concerning the effects of the alcohol consumption on Nelson were virtually the same on both occasions. Balancing the probative value of the evidence of the other crime against its potentially prejudicial impact, an abuse of discretion is not shown. *Johnson v. State*, 195 Ga. App. 385, 386 (1) (393 SE2d 712) (1990).

3. Nelson maintains that the court erred in allowing Lofton to recite the 1992 intoximeter test results, on grounds of hearsay and the absence of any supporting evidence from the machine operator or the actual certified machine printout.

Nelson's hearsay objection is not reviewed because this ground was not raised at trial. *Turner v. State*, 208 Ga. App. 728 (431 SE2d 727) (1993). The remaining ground, lacking argument or citation of authority, has been abandoned. *Snyder v. State*, 201 Ga. App. 66, 69 (8) (a) (410 SE2d 173) (1991).

4. The court's denial of Nelson's motion for directed verdict on the count charging him with driving under the influence of alcohol to the extent it was less safe for him to drive is moot. Nelson was not sentenced on this count. See *Jones v. State*, 213 Ga. App. 11, 12 (1) (444 SE2d 89) (1994).

5. Lastly, Nelson contends he was entitled to a directed verdict of acquittal on the charge of driving an improperly equipped vehicle. Despite his argument, the State was not required to prove guilty knowledge.

"The General Assembly has . . . enact[ed] certain 'strict criminal liability' motor vehicle safety statutes, which can be violated and enforced of necessity th[r]ough a criminal sanction without a showing of mens rea or guilty knowledge on the part of the violator." (Emphasis omitted.) *Queen v. State*, 189 Ga. App. 161, 163 (1) (c) (375 SE2d 287) (1988). OCGA § 40-8-7 is such a strict criminal liability statute. See *Coates v. State*, 216 Ga. App. 93, 94 (4) (453 SE2d 35) (1995). The evidence was sufficient to support this conviction.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 13, 1997.

*Jon W. McClure*, for appellant.
*Richard W. Shelton, Solicitor*, for appellee.