## A06A0975. PRICE v. THE STATE.
(637 SE2d 468)

BARNES, Judge.

Jerry Price appeals from his conviction for misdemeanor cruelty to children, contending that insufficient evidence supports his conviction. He also asserts that the trial court erred in imposing a greater sentence after the trial than it had agreed to before the trial.[1] For the reasons that follow, we affirm the conviction but reverse the sentence and remand for resentencing.

1. "On appeal, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citation and punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995). Viewed in this light, the record shows that the victim, Price's estranged wife, testified that Price came over to her apartment one evening, pointed a gun at her head, and fired a shot next to her head. Three other women and the victim's child, an eight-year-old boy, were also in the apartment when Price arrived. Price had the victim pinned against a wall in the hallway of the apartment when he aimed the gun at her head. According to the victim, when Price pointed the gun at her she said, "Please, don't do this in front of my baby"; Price then fired the shot and left. The child testified that he was also in the hallway, and that he saw Price point the gun at his mother and fire a shot next to her head. The child's testimony matched that of one of the women who also witnessed the assault. Price asserts that he never saw the child

---

[1] Although Price was convicted of two counts of aggravated assault, one count of burglary, one count of criminal damage to property in the first degree and one count of cruelty to children, he appeals only his sentence and the conviction for cruelty to children.

and did not know that he was in the apartment. Price claims that he left the apartment as soon as he heard that the child was there.

We find this evidence sufficient to sustain Price's conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). OCGA § 16-5-70 (d) (1) states, "Any person commits the offense of cruelty to children in the third degree when . . . [s]uch person, who is the primary aggressor, intentionally allows a child under the age of 18 to witness the commission of a forcible felony, battery, or family violence battery." As long as there is some competent evidence, even if contradicted, to support each element of the crime, the jury's verdict will be upheld. *Reyes v. State*, 250 Ga. App. 769, 770 (552 SE2d 918) (2001). The testimony of a single witness is generally sufficient to establish a fact.[2] Testimony that the victim notified Price of the presence of her child before he fired the shot next to her head is sufficient evidence for a rational trier of fact to find Price guilty of violating OCGA § 16-5-70 (d) (1) beyond a reasonable doubt.

2. Price contends that he was punished for exercising his right to trial because the sentence imposed was greater than the sentence previously offered for a guilty plea. Price was charged with two counts of aggravated assault, one count of burglary, one count of criminal damage to property in the first degree, one count of criminal damage to property in the second degree[3] and one count of cruelty to children. During pretrial proceedings, the court agreed to accept a sentence of fifteen years to serve eight years if Price pled guilty. Price rejected the plea bargain and was found guilty at trial. The sentence imposed after trial was 20 years to serve 15 years. Price argues that the court erred because "there was not a huge discrepancy between the version of events given by the State's witnesses and that given by Mr. Price." We find no merit in this contention.

The legitimacy of plea bargaining has not been doubted and is encouraged as an essential component of the administration of justice. See *Chaffin v. Stynchcombe*, 412 U. S. 17, 31 (93 SC 1977, 36 LE2d 714) (1973). Defendants advised by competent counsel and protected by other procedural safeguards are presumptively capable of intelligently deciding whether or not to accept the offered bargain. See *Bordenkircher v. Hayes*, 434 U. S. 357, 363 (98 SC 663, 54 LE2d 604) (1978). Withholding leniency from defendants who choose to go

---

[2] OCGA § 24-4-8.

[3] This charge was dismissed by the court because the evidence presented at trial did not prove that the damage amount exceeded $500.

to trial rather than plead guilty cannot be equated with impermissible punishment as long as the practice of plea bargaining is allowed. *Corbitt v. New Jersey,* 439 U. S. 212, 223 (99 SC 492, 58 LE2d 466) (1978).

> A criminal defendant should not be allowed to reject a sentence concession that is offered in return for a guilty plea and then bind the State to that rejected original lenient sentence even though he is later convicted after a trial. To hold otherwise would allow a criminal defendant to go to trial and seek an acquittal knowing that, even if unsuccessful, he would receive a sentence which is no less lenient than that [which] he was originally offered. After trial, the factors that may have indicated leniency as consideration for the guilty plea are no longer present.

(Citation and punctuation omitted.) *Allen v. State,* 193 Ga. App. 670, 672 (388 SE2d 889) (1989).

Price cites Uniform Superior Court Rule 33.6 (B)[4] to support his complaint that the court imposed the increased sentence as punishment for exercising his right to trial.[5] However, a careful reading of the transcript refutes this argument, as the court clearly states that the sentence imposed was based on the evidence presented and Price's prior criminal record. As the sentence was within the statutory guidelines,[6] other than that for cruelty to children which we address below, we find no error.

3. Price notes in his appellate brief that the trial court imposed an illegal sentence of five years for this cruelty to children conviction

---

[4] USCR 33.6 (B) provides:
The judge should not impose upon a defendant any sentence in excess of that which would be justified by any of the rehabilitative, protective, deterrent or other purposes of the criminal law merely because the defendant has chosen to require the prosecution to prove [his] guilt at trial rather than to enter a plea of guilty or nolo contendere.

[5] Although Price also relies on *North Carolina v. Pearce,* 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969), it does not support his claim. In *Pearce,* the Supreme Court held that when a first trial is set aside, and a more severe sentence is imposed after a new trial, the court's reasons for the increased sentence must affirmatively appear in the record. Id. at 726. This is to ensure that vindictiveness against a defendant for successfully attacking his first conviction plays no part in the sentence given after the new trial. Id. at 725.

[6] All sentences given were within the statutory limit, with the exception of the sentence for the cruelty to children conviction. See OCGA §§ 16-5-21 (b) (providing that a person convicted of aggravated assault shall be punished by imprisonment for not less than one nor more than twenty years); 16-7-1 (a) (providing that a person convicted of the offense of burglary shall be punished by imprisonment for not less than one nor more than twenty years for the first such offense); 16-7-22 (b) (providing that a person convicted of criminal damage to property in the first degree shall be punished by imprisonment of not less than one nor more than ten years).

which is a misdemeanor, but did not enumerate that as error, see OCGA § 16-5-70 (e) in effect at the time of the offense; now OCGA § 16-5-70 (e) (3). Although practically this error might be harmless, as the five-year sentence was to be served concurrently with the twenty years to serve fifteen years that Price received for the other charges, it is nevertheless a void sentence because it was not authorized by law. *Daniel v. State*, 200 Ga. App. 79, 80 (2) (406 SE2d 806) (1991). Consequently, "we are bound to reverse it and to remand this case to the trial court for resentencing," *Smith v. State*, 193 Ga. App. 365 (387 SE2d 648) (1989), even though this was not enumerated as error. *Thomas v. State*, 257 Ga. 24, 25 (4) (354 SE2d 148) (1987).

*Judgment affirmed in part and reversed in part and remanded. Andrews, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 11, 2006.

*Carl P. Greenberg*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.