**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 30, 2019**

# In the Court of Appeals of Georgia

A19A0805. IN/EX SYSTEMS, INC. v. MASUD et al.

MERCIER, Judge.

This appeal arises from two lawsuits filed by Tahsin Masud ("Masud"), one as personal representative and administrator of the estate of Aila Masud and the other as father and next friend of Sana Masud, regarding a car collision that tragically caused Aila's death and Sana's injuries.[1] Aila was killed and Sana was injured after a tire became separated from the vehicle Michael Green was driving, and then crossed the median on Interstate 85 and struck the vehicle Aila was driving. Masud filed the lawsuits against Green, Green's employer, In/Ex Systems, Inc., and other parties.[2] In/Ex filed a motion for summary judgment in the both lawsuits, which the trial court

---

[1] For purposes of clarity, we refer to Aila and Sana Masud by their first names.

[2] In/Ex and Masud are the only parties to this appeal.

denied. We granted In/Ex's application for interlocutory appeal to review the trial court's order and, for the following reasons, we reverse.

1. As an initial matter, certain allegations of facts stated by Masud in his appellate brief are supported only by citations to his trial court briefs, and he fails to cite to evidence in the record to support these allegations. Of course, "[f]actual assertions in appellate briefs and in briefs in the trial record and not otherwise supported by evidence of record cannot be considered on appellate review." *Dover Realty v. Butts County Bd. of Tax Assessors*, 202 Ga. App. 787 (1) (415 SE2d 666) (1992) (citation omitted). "[B]riefs cannot be used in lieu of the record or transcript to add evidence to the record." *Fidelity Enterprises v. Heyman & Sizemore*, 206 Ga. App. 602, 603 (1) (426 SE2d 177) (1992) (citation omitted). Furthermore, "exhibits attached to an appellate brief but not appearing in the record transmitted by the trial court cannot be considered by this court[.]" *Bennett v. Moody*, 225 Ga. App. 95, 96 (483 SE2d 350) (1997) (citation and punctuation omitted). Failure of Masud to cite to parts of the record or transcript deemed material shall "constitute consent to a decision based on [In/Ex's] statement of facts. Except as controverted, [In/Ex's] statement of facts may be accepted by this Court as true." Court of Appeals Rule 25 (b) (1). While it is possible that the evidence relied upon exists somewhere in the

2

appellate record's 39 volumes, "[w]e have repeatedly held that it is not the function of this court to cull the record on behalf of a party." *Rolleston v. Cherry*, 226 Ga. App. 750, 753 (1) (b) (487 SE2d 354) (1997) (citation and punctuation omitted). This rule is particularly true in cases, such as this one, with a voluminous record. See id.

2. In order to prevail on a motion for summary judgment under OCGA § 9-11-56, In/Ex, as the moving party,

> must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

*Dougherty Equip. v. Roper*, 327 Ga. App. 434 (757 SE2d 885) (2014) (citation omitted).

So viewed, the evidence shows the following. At the time of the collision, Green worked for In/Ex as a technician, primarily in commercial construction. On April 26, 2013, the date of the collision, Green drove a Dodge Ram truck owned by his mother to the In/Ex warehouse at 4:45 a.m. He and a co-worker, Dan Neal, then

3

traveled in the Dodge Ram to their first job site for In/Ex, where they worked until 7:30 a.m. They left the first job site and began traveling to Guitar Center "to get guitar parts," before they were due at their next job site. As Green was driving northbound on Interstate 85, at approximately 7:45 a.m., a vehicle suddenly entered his travel lane. Green quickly changed lanes to avoid colliding with the vehicle, and the front driver's side tire came off of his vehicle, traveled across the median and struck Aila's vehicle as she was driving southbound on Interstate 85. Neither Green nor Neal had noticed anything wrong with the truck on the day of the collision. Green pled guilty to driving an unsafe vehicle. See OCGA § 40-8-7.

Masud filed the lawsuits against In/Ex (and other parties not subject to this appeal) asserting a vicarious liability claim against In/Ex.[3] Specifically, Masud claimed that Green failed to maintain the truck in safe operating condition and that Green's actions are imputed to In/Ex.

At his deposition, Green testified that he worked on trucks "as a hobby" and considered himself to be experienced in truck maintenance. Sometime in January 2013, Green took a day off of work to replace the truck's rotors and brake pads,

[3] While Masud also alleged direct liability claims against In/Ex, he has expressly abandoned those claims and asserts only his vicarious liability claims.

during which time he removed the wheels. Green testified that he "had no idea" that something was wrong with the vehicle.

In/Ex filed a motion for summary judgment in both lawsuits, arguing, inter alia, that Green had not been driving negligently at the time of the collision. The trial court denied In/Ex's motion for summary judgment. In/Ex argues that the trial court erred in denying its motion for summary judgment because there was no negligent act by Green at the time of the injury for which vicarious liability could attach.[4] We agree.

Every master shall be liable for torts committed by "his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." OCGA § 51-2-2. Green pled guilty to violating OCGA § 40-8-7 (a), which states that "[n]o person shall drive or move on any highway any motor vehicle . . . unless the equipment upon any and every such vehicle is in good working order . . . and the vehicle is in such safe mechanical condition as not to endanger the driver or other occupant or any person upon the highway." OCGA §40-8-7 is a "strict criminal liability statute," "which can be violated and enforced of necessity through a criminal sanction without a showing of

_____

[4] For the purposes of this appeal only, In/Ex assumes arguendo that Green was acting in the course and scope of his employment with In/Ex at the time of the collision.

5

mens rea or guilty knowledge on the part of the violator." *Nelson v. State*, 224 Ga. App. 623, 624 (5) (481 SE2d 605) (1997) (citations and punctuation omitted).

"A violation of the Uniform Rules of the Road prima facie establishes negligence per se in the absence of a valid defense. The burden then shifts to the defendant to show that the violation was unintentional and in the exercise of ordinary care." *Harden v. Burdette*, 204 Ga. App. 733, 735 (4) (420 SE2d 626) (1992) (citations and punctuation omitted). In a civil action, "[f]or an owner of a vehicle to be held liable for injuries that occur due to an unsafe or defective condition of his vehicle, the plaintiff must show not only that the vehicle was being operated with the owner's consent, but that the owner knew of its defective or unsafe condition." *Wilson v. Ortiz*, 232 Ga. App. 191, 195 (2) (501 SE2d 247) (1998) (citation omitted) (overruled on other grounds by *Giles v. State Farm Mut. Ins.*, 330 Ga. App. 314, 319 (2) (fn. 2) (765 SE2d 413) (2014); see generally *Jacobs v. Felmet*, 105 Ga. App. 234, 236 (124 SE2d 307) (1962) (affirming grant of directed verdict to driver on negligence claim when no proof was presented that the driver had any "knowledge or notice of any defect in his brakes until they suddenly gave way[.]") (citation omitted); *Robinson v. MARTA*, 197 Ga. App. 628, 629 (4) (399 SE2d 252) (1990) (trial court did not err in refusing to give plaintiff's requested jury charge on

negligence per se pursuant to OCGA § 40-8-7 (a) regarding a collision with a stalled bus because, inter alia, the evidence did not demonstrate that the bus driver had any reason to suspect anything was wrong with the bus before it broke down); *Almassud v. Mezquital*, 345 Ga. App. 456, 458-460 (1) (811 SE2d 110) (2018) (reversing denial of motion for new trial where trial court refused to give jury instruction regarding the driver's lack of knowledge or notice of the vehicle's steering defect); *Brown v. Shiver*, 183 Ga. App. 207, 207-208 (1) (358 SE2d 862) (1987) (affirming grant of summary judgment to driver where plaintiff crashed into defendant's stalled car because defendant had no notice that the car was likely to stall); compare *Fouts v. Builders Transp.*, 222 Ga. App. 568, 577-578 (5) (474 SE2d 746) (1996) (trial court did not err by denying motion for directed verdict to driver and his employer, the owner of the commercial tractor-trailer truck at issue, who claimed to have no knowledge of the truck's faulty brakes when a State inspector testified that three of the truck's nine brakes were out of adjustment and that the truck should have been out of service, and the jury thus could have concluded that the driver and employer could or should have known of the defect).

Both Green and Neal testified that they did not notice anything wrong with the truck on the day of the collision. To create a genuine issue of material fact as to

whether Green should have known that the tire was loose while he was driving, Masud points to deposition testimony from the Defendants' engineering expert. When asked if he would "expect the driver to notice vibration from [the hub cap] wobbling," the expert responded: "It probably, if it was your Mercedes, you probably would, but if it were this . . . [i]t probably self-corrects, aligns going around corners. Yeah, it was bad." In response to whether he would have expected there to have been some vibration and wobbling of the wheel, he stated: "I'm sure there was. And, again, you feel that in this type of truck with these big knobby tires. I'd probably feel it in my Mustang, but I don't know if you would feel it if - - yeah, it happened for a long time. There's a lot of wear and a lot of holes and a lot of damage to those bolts. That wasn't a half hour of use." The expert's vague and equivocal testimony is insufficient to create a triable issue at summary judgment. See generally *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 684 (3) (e) (498 SE2d 748) (1998).

In/Ex has cited evidence in the record that Green had no knowledge of any unsafe condition that caused the tire to separate from the vehicle. See *Wilson*, supra. Furthermore, Neal, Green's passenger, did not notice anything wrong with the vehicle. Masud therefore was not entitled to rely on the allegations contained in his complaints. See *Aldridge v. King's Colonial Ford*, 250 Ga. App. 236, 238 (550 SE2d

439) (2001). The vague and equivocal testimony from the engineering expert was insufficient to create a genuine issue of material fact regarding whether Green had knowledge of the vehicle's unsafe condition. See *Sharfuddin*, supra. On the record before us, Masud has failed to present sufficient evidence to support his case against Green, and as his only claim against In/Ex was based on the doctrine of respondeat superior, his claim against In/Ex likewise fails. See generally *Hillside Orchard Farms v. Murphy*, 222 Ga. App. 106, 109 (1) (473 SE2d 181) (1996) ("The doctrine of respondeat superior holds the master responsible for the negligent act of his servant, committed while the servant is acting within the general scope of his employment and engaged in his master's business. The negligence of the master in such a case is entirely derivative from the servant's negligence.") (citation and punctuation omitted). Therefore, the trial court erred in denying In/Ex's motion for summary judgment.[5]

---

[5] To the extent that Masud makes a claim in his complaints that aside from operating an unsafe vehicle, Green "failed to operate the Dodge Ram truck safely . . ." such a claim would similarly fail. In/Ex cited an affidavit from the DeKalb County Police Department detective who investigated the collision, wherein he averred that his investigation "did not reveal any violation by Michael Green in the actual driving of his vehicle - there were no violations of the Georgia Uniform Rules of the Road." Instead, his investigation revealed that unsafe equipment caused the collision. Masud has failed to support a claim that Green was negligent in his driving of the vehicle. As such, there is no genuine issue of material fact.

9

3. Given our ruling in Division 2, supra, we need not address In/Ex's remaining enumeration of error.

*Judgment reversed. Barnes, P. J., and Brown, J., concur*.

10